**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                                  Case No.:    3:10-cr-282-J-34JBT

HENRY LEE BROWN

_____/

**ORDER**

This case is before the Court on Defendant Henry Lee Brown's Motion for Compassionate Release (Doc. 204, Motion) and supplements to the Motion (Docs. 206, 207, 208). Defendant is incarcerated at Memphis FCI, serving a 130-month term of imprisonment for two controlled substance offenses and for possession of a firearm in furtherance of a drug trafficking crime. (Doc. 162, Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on January 10, 2021. Defendant seeks early release under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), or alternatively, release to home confinement, because he has been a model inmate who sought to better himself through educational courses and has achieved a low security classification due to his good conduct. Motion at 2-3.

The United States opposes the Motion because Defendant did not exhaust his administrative remedies and because the Court has no jurisdiction over requests for home confinement. (Doc. 210, Response; Doc. 210-1, Administrative Remedy Log; Doc. 212, Supplemental Response). Brown filed a reply brief, in which he argues for compassionate release because of the Covid-19 pandemic. (Doc. 213). Brown attached a copy of an administrative remedy request that he submitted to the Warden on April 27, 2020, in which

1

he sought compassionate release or home confinement due to Covid-19. (Doc. 213-1 at 1). The reply brief and attachments show that Brown is due to be transferred from Memphis FCI to a residential reentry center (RRC or "halfway house") on July 15, 2020. (Doc. 213 at 1; Doc. 213-1 at 3). Brown does not contend that he suffers from any underlying health conditions.

Ordinarily, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, as amended by the First Step Act, § 3582(c) provides in relevant part:

> **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> **(i)** extraordinary and compelling reasons warrant such a reduction …
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's policy statement on compassionate release is set forth at U.S.S.G. § 1B1.13.

Additionally, 18 U.S.C. § 3624 permits low-risk inmates to be placed in one of two types of prerelease custody: home confinement, see § 3624(g)(2)(A), or a residential reentry center, see § 3624(g)(2)(B). However, a district court "has no authority to grant [a defendant's] request for placement in home confinement. Rather, § 3624(c)(2) grants the BOP with the exclusive authority to determine an inmate's place of confinement." United

2

States v. Alvarez, No. 19-cr-20343-BLOOM, 2020 WL 2572519, at *2 (S.D. Fla. May 21, 2020); see also United States v. Phillips, No. 6:16-cr-198-Orl-28GJK, 2020 WL 2219855, at *1 (M.D. Fla. May 7, 2020); United States v. Calderon, 801 F. App'x 730, 731-32 (11th Cir. 2020) (a district court lacks jurisdiction to grant a request for home confinement under the Second Chance Act).

Accordingly, to the extent Brown requests home confinement, the Court has no jurisdiction to grant that request. To the extent Brown seeks compassionate release, the Court assumes arguendo that he has satisfied the exhaustion requirement. However, Brown has not stated "extraordinary and compelling reasons" for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The Court commends Brown for his model behavior in prison. However, pursuing self-improvement and following prison rules – while commendable – are not extraordinary and compelling circumstances that justify compassionate release. See U.S.S.G. § 1B1.13, cmt. n.1. Likewise, the existence of Covid-19 does not warrant compassionate release here, especially considering that Brown does not claim to suffer from any underlying health conditions. On July 15, 2020, Brown is due to be relocated from Memphis FCI to Keeton RRC, where only a single inmate has tested positive for Covid-19. See www.bop.gov/coronavirus. As the Third Circuit Court of Appeals recently observed, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Based on the foregoing, Defendant Henry Lee Brown's Motion for Compassionate Release (Doc. 204) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 8th day of June, 2020.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

lc 19

Copies:
Counsel of record
Pro se petitioner

4